FELDMAN, Justice,
specially concurring.
¶ 18 The court today holds that the Logans may pursue a cause of action because a provision of the Arizona Employment Protection Act (AEPA) allows wrongful discharge claims against an employer who terminates an employee in retaliation for the latter’s “exercise of the right to be free from ... extortion ... as a condition of employment.... ” Ante at ¶ 9 (quoting A.R.S. § 23-1501(3)(c)(viii) (AEPA)).
¶ 19 I have no quarrel with the result, but I believe the court’s analysis avoids the most important issue in this case. I write separately because I would have reached the same result by a more direct route — the one we have followed in the past. We have held that an “employer may fire for good cause or for no cause. He may not fire for bad cause — that which violates public policy.” Wagenseller v. Scottsdale Mem. Hosp., 147 Ariz. 370, 378, 710 P.2d 1025, 1033 (1985).
¶20 Without question, the Logans’ discharge violated public policy. As the court points out, Arizona law makes it a misdemeanor for an employer to extract “either directly or indirectly” a “fee ... or gratuity of any kind” from an employee as a “condition of [the employee’s] continuance in such employment.” Ante at ¶ 10 (quoting A.R.S. § 23-202). If, therefore, we needed a statute to set public policy on this point, we have it. Thus, the Logans’-discharge in violation of the state’s public policy is actionable with or without the AEPA.
¶ 21 One would suppose, moreover, that the court would agree with the Logans’ submission and simply say that retaliatory firing in these circumstances would violate the public policy of this state even if there were no AEPA. Surely the court does not require express legislation to authorize it to provide a remedy to employees fired for refusing to submit to extortion. Nor should we need a statute to provide a remedy to employees fired for returning a jury verdict with which the employer disagreed, for refusing to participate in the employer’s designated religious exercise, or for reading books, newspapers, or magazines of which the employer disapproved.
¶ 22 Wagenseller has not been overruled,[1] and although it recognizes the power of employers to fire at-will employees with or without cause, it also teaches that our courts will provide a remedy when employers use their power in a manner contrary to public policy and thus violate the rights of their workers. No employer should be given the power to fire, with impunity, because an employee re *196 fused to give the employer a bargain price on his home or other property or refused to paint the corporate logo on the side of his home. See Ariz. Const. art. II, §§ 1 and 8, setting forth policies promulgated by the framers of our constitution. It would be a sad day when citizens could not look to the courts to provide a remedy for such egregious wrongs.
¶ 23 Therefore, I would not duck the argument that we should apply Wagenseller but would simply disapprove Johnson v. Hispanic Broadcasters of Tucson, Inc., 196 Ariz. 597, 2 P.3d 687 (App.2000), insofar as it may be interpreted to conclude that common-law claims for wrongful termination are no longer cognizable. Id. at 599 ¶ 4, 2 P.3d at 689 ¶ 4. I would also disapprove Chaboya v. American National Red Cross insofar as it reaches the same conclusion. 72 F.Supp.2d 1081, 1092 (D.Ariz.1999). I would stand on what we previously said about the AEPA and terminations that violate public policy: the legislature may limit judicial remedies only when it creates a cause of action otherwise not cognizable in the courts, one that “originates exclusively within the statute, would not otherwise exist, and cannot trace its antecedents to a common law right of action.” Cronin v. Sheldon, 195 Ariz. 531, 539 ¶ 39, 991 P.2d 231, 239 ¶ 39 (1999) (citing Alabam’s Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658 (1926)). Surely we must acknowledge that the common law recognized employees’ actions against employers for tort and breach of contract. That really is the only question presented in this case — whether termination for the reasons alleged by the Logans is a tort or violates the contract of employment.
¶ 24 I would answer that with an emphatic yes and reject the idea that we must depend on the other branches of government to permit us to open the doors of justice. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 429, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982) (discussing due process protection for litigants “hoping to protect their property or ... attempting to redress grievances.”); see also Kluger v. White, 281 So.2d 1 (Fla.1973); Saylor v. Hall, 497 S.W.2d 218 (Ky.1973).

. See Cronin v. Sheldon, 195 Ariz. 531, 537-38 ¶ 28, 991 P.2d 231, 237-38 ¶ 28 (1999) (the “legislative preamble sets forth notions repugnant to the [state’s] constitution.... ”).